MD

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Edwin M. Jaramillo,

              Plaintiff,

vs.

Glendale County, et al.,

              Defendants.

No.  CV 13-1713-PHX-DGC (JFM)

**ORDER**

      On August 19, 2013, Plaintiff Edwin M. Jaramillo, who is confined in the Yavapai County Detention Center in Camp Verde, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. In an Order dated October 16, 2013, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.  On October 28, 2013, Plaintiff submitted a new Application to Proceed *In Forma Pauperis*, which was also deficient.  In an Order dated December 30, 2013, the Court denied the Application to Proceed and gave Plaintiff an additional 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

      On January 14, 2013, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 8).  The Court will grant the Application to Proceed and will dismiss the Complaint with leave to amend.

. . . .

JDDL-K

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

1   specific factual allegations may be consistent with a constitutional claim, a court must

2   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

3   at 681.

4           But as the United States Court of Appeals for the Ninth Circuit has instructed,

5   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

6   342 (9th Cir. 2010).   A "complaint [filed by a *pro se* prisoner] 'must be held to less

7   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

8   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

9           If the Court determines that a pleading could be cured by the allegation of other

10   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

11   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).   The

12   Court should not, however, advise the litigant how to cure the defects.   This type of

13   advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

14   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

15   decide whether the court was required to inform a litigant of deficiencies).   Plaintiff's

16   Complaint will be dismissed for failure to state a claim, but because it may possibly be

17   amended to state a claim, the Court will dismiss it with leave to amend.

18   **III.    Complaint**

19           Plaintiff alleges three counts, all Eighth Amendment violations, surrounding the

20   death of his son, Gabriel C. Jaramillo.  Plaintiff sues "Glendale County, AZ," the City of

21   Glendale, the State of Arizona and "Phoenix, AZ, A.D.P.S., Etc."   Plaintiff seeks

22   declaratory relief as well as monetary damages.

23           Plaintiff designates Count I as an Eighth Amendment claim of excessive force by

24   an officer.   He alleges that "officers acted out of malice and their actions were not

25   reasonable.   Therefor[e], they took my son's life when my son was at a halt.   They shot

26   him[,] but did not have any reason to because he was not armed at all."

27           Plaintiff designates Count II as an Eighth Amendment claim of cruel and unusual

28   punishment and excessive force by an officer.  Plaintiff alleges: "The state of mind of the

1   officials were not competent because the seriousness of the challenged condition.  I

2   believe that their actions were harsh and uncalled for, which was unnecessary to inflict

3   pain."

4   Plaintiff designates Count III as an Eighth Amendment claim of "deliberate

5   indifference" and excessive force by an officer.  Plaintiff alleges:  "I tru[]ly feel that the

6   officers acted very [u]nprofession[al]ly and careless and caused harm to my son and it

7   was very reckless and showed bad motive and attitude."

8   In an attachment to his Complaint, Plaintiff asserts that he believes his son's rights

9   were violated "by excessive punishment, excessive force, police brutality, mental anguish

10   and negligence, malice, c[r]uel and unusual punishment, [and] deliberate indifference."

11   Plaintiff asserts that he has been injured by the loss of his son.

12   **IV.   Failure to State a Claim**

13   To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

14   conduct about which he complains was committed by a person acting under the color of

15   state law and (2) the conduct deprived him of a federal constitutional or statutory right.

16   *Wood v. Outlander*, 879 F.2d 583, 587 (9th Cir. 1989).  Further, a "'plaintiff generally

17   must assert his own legal rights and interests, and cannot assert the legal rights or

18   interests of third parties.'"  *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602,

19   610 (9th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  Negligence is

20   not sufficient to state a claim under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 330-31

21   (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of

22   the conduct of a particular defendant and he must allege an affirmative link between the

23   injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

24   (1976).

25   Finally, although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404

26   U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of

27   action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

28

JDDL-K

1    Further, a liberal interpretation of a civil rights complaint may not supply essential
2    elements of the claim that were not initially pled.  *Id.*

3          **A.**      **State of Arizona and A.D.P.S**

4          Plaintiff names the State of Arizona and the A.D.P.S. (presumably referring to the
5    Arizona Department of Public Safety) as Defendants.  Ordinarily, under the Eleventh
6    Amendment to the Constitution of the United States, neither a state nor a state agency
7    may be sued in federal court without its consent.  *Pennhurst Sate Sch. & Hosp.,* 465 U.S.
8    89, 100 (1984); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  Further, neither the
9    State of Arizona nor any State agency is a "person" within the meaning of § 1983.  *Will v.*
10   *Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as
11   used in § 1983 did not include a State or State agency).  For both reasons, the State of
12   Arizona will be dismissed.  To the extent Plaintiff is intending to sue the Arizona
13   Department of Public Safety, it is also dismissed as a Defendant in this case.

14         **B.**      **Cities of Glendale and Phoenix**

15         Plaintiff sues the cities of Glendale and Phoenix.  A municipality is a "person" for
16   purposes of § 1983, i.e., a municipality such as a city or county, may be sued.  *See*
17   *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S.
18   163, 166 (1993); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658,
19   694 (1978).  To state a claim against a municipality under § 1983, a plaintiff must allege
20   facts to support that his constitutional rights were violated pursuant to a policy or custom
21   of the municipality.  *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir.
22   2001) (citing *Monell*, 436 U.S. at 690-91); *Thompson v. City of Los Angeles*, 885 F.2d
23   1439, 1443 (9th Cir. 1989)).  Thus, a municipality may not be sued solely because an
24   injury was inflicted by one of its employees or agents.  *Long v. County of Los Angeles*,
25   442 F.3d 1178, 1185 (9th Cir. 2006).  Therefore, a § 1983 claim against a municipal
26   defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the
27   municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged
28   injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski*

1  *v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal

2  defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

3          Plaintiff fails to allege facts to support that the cities of Glendale and Phoenix

4  maintained policies or customs that resulted in the violation of Plaintiff's federal

5  constitutional rights or to explain how his injuries were caused by any municipal policy

6  or custom.  Accordingly, Plaintiff fails to state a claim against the cities of Glendale and

7  Phoenix and they will be dismissed as Defendants.

8          **C.    Glendale County**

9          Plaintiff sues "Glendale County, AZ," however, there is no Glendale County in

10  Arizona.  Accordingly, "Glendale County, AZ" is dismissed as a Defendant.  To the

11  extent Plaintiff intended to sue Maricopa County, where the City of Glendale is located,

12  such a claim would fail because Plaintiff has not alleged that Maricopa County

13  maintained a policy or custom that resulted in the violation of Plaintiff's federal

14  constitutional rights or to explain how his injuries were caused by any municipal policy

15  or custom.

16          **D.    Eighth Amendment Claims**

17          In addition to failing to name a proper Defendant, Plaintiff has failed to state an

18  Eighth Amendment claim.   The Eighth Amendment bars government-imposed

19  punishment of crimes that is cruel and unusual.  *See Fontana v. Haskin*, 262 F.3d 871,

20  (9th Cir. 2001) ("The 'Fourth Amendment's prohibition against unreasonable seizures of

21  the person, or the Eighth Amendment's ban on cruel and unusual punishments . . . are the

22  primary sources of constitutional protection against physically abusive governmental

23  conduct.'" (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *Snipes v. DeTella*, 95

24  F.3d 586, 590 (7th Cir. 1996) (the Eighth Amendment limits the type of punishment that

25  can be imposed by government).

26          In this case, it is not clear if Plaintiff is asserting that his own rights were violated

27  by his son's death or if he is asserting claims on behalf of his son or his son's estate.  It

28  does not appear that Plaintiff is asserting that the allegedly wrongful death of his son was

the result of any government-imposed punishment on Plaintiff.  If Plaintiff is asserting a claim on behalf of his son or his son's estate, Plaintiff fails to provide basic facts about his son's death such as when he died, how, or who was allegedly responsible for his son's death.[1]  Accordingly, Plaintiff fails to state a claim in Counts I, II or III and they will be dismissed.

## V.    Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

---

[1] "'In § 1983 actions, . . . the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action.'"  *Hayes v. County of San Diego*, 736 F.3d 1223, 1228 (quoting *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998)) (deletions in the original).  The plaintiff bringing a survival action "bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Id.*  Arizona's survival statute provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

A.R.S. § 15-3110.  Under Arizona's survival statute, "[t]he claim passes from the decedent to the personal representatives, and becomes an asset of the estate." *Gandy v. United States*, 437 F.Supp.2d 1083, 1087 (D. Ariz. 2006) (citing *Barragan v. Superior Court of Pima County*, 470 P.2d 722, 724 (Ariz. Ct. App. 1970)) (distinguishing between a survival claim and a wrongful death claim pursuant to A.R.S. § 12-611, which compensates statutory beneficiaries for their injuries.).

1    A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,
2    963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
3    F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original
4    complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised
5    in the original complaint and that was voluntarily dismissed or was dismissed without
6    prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*
7    *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

8    **VI.    Warnings**

9    **A.    Release**

10   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
11   release.  Also, within 30 days of his release, he must either (1) notify the Court that he
12   intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
13   comply may result in dismissal of this action.

14   **B.    Address Changes**

15   Plaintiff must file and serve a notice of a change of address in accordance with
16   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
17   for other relief with a notice of change of address.  Failure to comply may result in
18   dismissal of this action.

19   **C.    Copies**

20   Plaintiff must submit an additional copy of every filing for use by the Court.  *See*
21   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further
22   notice to Plaintiff.

23   **D.    Possible "Strike"**

24   Because the Complaint has been dismissed for failure to state a claim, if Plaintiff
25   fails to file an amended complaint correcting the deficiencies identified in this Order, the
26   dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
27   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
28   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)   The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 18th day of March, 2014.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:       **OR**       Tucson Division:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                        U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10        405 West Congress Street
Phoenix, Arizona  85003-2119                    Tucson, Arizona  85701-5010

7. Change of Address. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
          Attorney for Defendant(s)
_____
(Signature)

9. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. See Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)      Plaintiff,   )
)
vs.                )   **CASE NO.** _____
)        (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)          )
(2) _____ ,   )
)
(3) _____ ,   )        **CIVIL RIGHTS COMPLAINT**
)           **BY A PRISONER**
(4) _____ ,   )
Defendant(s).       )   ☐ Original Complaint
)   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                 ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count I?                    ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.


2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                   DATE                                       SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.